**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

REGINALD WATSON           :

   Petitioner                :

v                                     :        Civil Action No. RWT-06-636

J. JOSEPH CURRAN, JR., *et al.*    :

   Respondents             :

o0o

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus was filed on March 10, 2006. Paper No. 1. Pursuant to this Court's Order of May 8, 2006, Respondents have filed a response to the allegations raised. Paper No. 5. Specifically, Respondents assert that the claims raised by Petitioner have been exhausted through the state courts and that the petition should be dismissed on its merits without a hearing. Id. After review of these papers, the Court finds no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6; see also Fisher v. Lee, 215 F. 3d 438, 455 (4th Cir. 2000) (Petitioner is not necessarily entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the petition shall be denied.

Background

On February 18, 1987, Petitioner was sentenced to serve a term of twenty years beginning on May 8, 1986, in the Circuit Court for Montgomery County, Maryland. Paper No. 5 at Ex. 1. After earning a total of 2,347 days of diminution of confinement credits, Petitioner was released on mandatory supervision, pursuant to Md. Corr. Servs., Code Ann. § 7-501, on December 4, 1999.[1]

---

[1] Under the statutory scheme in Maryland, release on mandatory supervision is accomplished by application of diminution of confinement credits to the maximum expiration date of a prisoner's term of

Id. at Ex. 3. Release on mandatory supervision is a conditional release from confinement where the releasee is subject to conditions of parole until the maximum expiration date of his or her term of confinement. See Md. Corr. Servs., Code Ann. §7-502 (a) and (b). On February 4, 2003, the Maryland Parole Commission revoked Petitioner's mandatory supervision release. Id. at Ex. 4. Pursuant to Md. Corr. Servs., Code Ann. §7-401(d)(1), Petitioner was awarded credit for time served on parole supervision for the period of December 4, 1999 to February 4, 2001. Id. In addition, all of Petitioner's previously earned diminution of confinement credits were revoked pursuant to Md. Corr. Servs., Code Ann. §7-504(a). Id.

After Petitioner's mandatory supervision release was revoked, the Division of Correction recalculated the maximum expiration date of his term of confinement, taking into account the revocation decision. Id. at Ex. 2. Petitioner was returned to custody, pursuant to a retake warrant issued by the Maryland Parole Commission, on October 18, 2002, making his total time spent out of custody 1,049 days (from December 4, 1999 to October 18, 2002). Id. Petitioner was only awarded credit for 429 days of the period of time he spent out of custody under supervision, leaving a balance of 620 days left to serve as a result of the revocation decision. Id. Pursuant to applicable regulations,[2] the unallowed portion of time spent under parole supervision was added to Petitioner's original maximum expiration date, yielding an adjusted maximum expiration date of January 18, 2008. Id. Petitioner is permitted to earn diminution of confinement credits on the remaining portion of his sentence and, as of April 30, 2006, he has earned 288 days toward a new mandatory supervision release date of April 5, 2007. Id. at Ex. 6.

---

incarceration. In Petitioner's case, the maximum expiration date of his term of incarceration was May 8, 2006. Paper No. 5 at Ex. 2.

[2] See COMAR 12.08.01.22.F(h).

Prior to filing the instant petition, Petitioner filed a Petition for Writ of Habeas Corpus in the Circuit Court for Montgomery County, Maryland, claiming that his maximum expiration date was illegally extended after his release was revoked. Id. at Ex. 7. A hearing on the merits was held on July 21, 2005, and on November 17, 2005, Judge Eric M. Johnson issued a decision denying the Petition. Id. at Ex. 11.

## Threshold Considerations

### Exhaustion of State Remedies

Under Rose v. Lundy, 455 U.S. 509 (1982), before a petitioner may seek habeas relief in federal court, he must have exhausted each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by proceeding with certain claims on direct appeal (and thereafter seeking certiorari to the Court of Appeals), and with other claims by way of a post-conviction petition, followed by seeking leave to appeal in the Court of Special Appeals.

Petitioner no longer has any state direct appeal or collateral review remedies available to him with respect to the claims raised in this court; thus, his claims are considered exhausted for the purpose of federal habeas corpus review.

### Statute of Limitations

Respondent does not contend -- and this court does not find -- that the petition is time-barred pursuant to 28 U.S.C. §2244(d).

### Standard of Review

Because the petition was filed after April 24, 1996, it must be evaluated pursuant to amendments to the habeas corpus statutes contained in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in scattered sections of 28 U.S.C.).[3] Under the AEDPA, federal courts are no longer authorized to correct mere error in state court proceedings, but must instead exercise more limited review. Under the amendments,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (as amended).

### Analysis

Sentence and diminution credit calculation issues generally are issues of state law and do not give rise to a federal question. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pringle v. Beto, 424 F.2d 515, 516 (5th Cir. 1970); McCray v. Rosenblatt, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished). Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice." Hailey v.

---

[3] See Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998).

Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) (quoting Hill v. United States, 368 U. S. 424, 428 (1962)). A dispute over diminution credits does not rise to this level. See Willeford v. Estelle, 538 F.2d 1194, 1197 (5th Cir. 1976). If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review." Wright v. Angelone, 151 F. 3d 151, 157 (4th Cir. 1998). See Smith v. Moore, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Where, as here, mandatory supervision is revoked and only a portion of the time spent on release is given as credit upon revocation, Maryland law requires an adjustment to the original maximum expiration date of the sentence. A claim that the Parole Commission has not properly credited Petitioner for time spent on parole does not raise a federal claim.[4] See Williams v. Warden of Maryland Penitentiary, 209 Md. 627, 120 A. 2d 184 (1956) (failure to exercise discretion to grant credit for time spent on parole did not deprive prisoner of constitutional right).

## Conclusion

Upon review of the petition for writ of habeas corpus, the response, and the exhibits submitted, this Court determines that Petitioner is not entitled to federal habeas relief. There is no basis upon which to find constitutional deficiencies in the state court proceedings, accordingly, the petition shall be denied by separate Order which follows.

 6/22/06  
Date

/s/  
ROGER W. TITUS  
UNITED STATES DISTRICT JUDGE

---

[4] The state court's conclusion that the Parole Commission had discretion under Maryland law to deny credit for all or some of the time Petitioner served on mandatory supervision is without error. Paper No. 5 at Ex. 11.